**AMENDED CLD-110**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2567
_____

JOHN BUTLER,
                                                            Appellant

v.

FLOYD; STAFFORD; JAMES BARNACLE; F. NUNEZ; BOYCE, #1; BOYCE, #2;
HAFELI; QUINN; PLACE; C.O. STOKES, sued in individual and official capacities

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:23-cv-00289)
District Judge: Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2026
Before: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: April 29, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Inmate John Butler appeals pro se the District Court's order granting summary judgment in favor of six defendants and *sua sponte* dismissing his claims against the three remaining defendants in this 42 U.S.C. § 1983 action. We will summarily affirm.

I.

Butler sued ten employees of the Pennsylvania Department of Corrections, claiming that they unlawfully retaliated against him by falsely implicating him in, and punishing him for, a hunger strike, verbally threatening him, delaying his access to medical care, and failing to respond to his allegations of abuse, all in violation of the First and Eighth Amendments. In August 2023, Defendant Stafford issued Butler a misconduct for his alleged organization of a hunger strike at the State Correctional Institution in Albion, Pennsylvania ("SCI-Albion"). Butler claimed this misconduct was issued in retaliation for his filing of grievances and offering assistance to other inmates with their legal cases. At the misconduct hearing, Defendant Nunez offered Butler 30 days in the Restricted Housing Unit ("RHU") if he agreed to plead guilty. Butler refused, and Defendant Nunez sanctioned him to 90 days in the RHU. Butler asserted that this sanction was unlawful retaliation for his constitutionally protected "not guilty" plea.

Meanwhile, one morning Butler began to experience chest pain. He pressed the "medical emergency button" numerous times, but Defendants Hafeli, Quinn, Place, and Stokes did not respond to his requests to see the medical staff. Defendant Hafeli stated, "you should have thought of that before you got everyone to go on a hunger strike."

2

However, after Butler had been semi-conscious on the floor of his cell for several minutes, Defendants contacted the medical team. Butler was assessed and immediately transferred to UPMC Hamot in Erie, Pennsylvania, where he was observed for 23 hours and discharged the following day after his vitals stabilized. Butler alleged that, while at the hospital, he asked Defendant Boyce #1 to turn down the television in his room so he could rest, at which point Boyce #1 threatened to slap him and verbally abused him. Upon his return to SCI-Albion, Butler spoke with a nurse and reported Boyce #1's behavior. She indicated she would report the incident to Defendant Floyd, but Butler was never contacted about his report. Butler also claimed Boyce #2, possibly a relative of Boyce #1, verbally threatened him when he returned from the hospital.

Butler was subsequently transferred to SCI-Houtzdale, where he filed an allegation of abuse with the Bureau of Investigation and Intelligence related to the incidents that took place at SCI-Albion. Defendant Barnacle, director of the Bureau, never responded to his grievance.[1] Finally, sometime in September, Butler became aware that Defendant Floyd was distributing a "vote sheet" to have Butler placed on the Restricted Release List ("RRL").

---

[1] Defendants have no record that this grievance was filed, but Butler did provide a copy of his submission.

3

After the completion of discovery, Defendants moved for summary judgment. The assigned Magistrate Judge issued a Report and Recommendation, recommending that the District Court grant Defendants' motion for summary judgment as to Butler's claims (1) of retaliation against Defendants Stafford and Nunez; (2) of deliberate indifference against Defendants Hafeli, Quinn, and Place; (3) against Defendant Boyce #1, construed as either deliberate indifference or excessive force; and *sua sponte* dismiss, pursuant to 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915(e)(2), Butler's claims (1) of retaliation against Boyce #2 and Floyd; (2) of deliberate indifference against Defendant Stokes; and (3) for failure to investigate against Defendant Barnacle. After considering Butler's objections, the District Court overruled them, adopted the Magistrate Judge's Report as its opinion, granted summary judgment in Defendants' favor and *sua sponte* dismissed Butler's remaining claims. Butler timely appealed.[2]

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting summary judgment in favor of the defendants. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We also exercise plenary review over the District Court's *sua sponte* dismissal of Butler's remaining claims under 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c). *See Dooley v. Wetzel*, 957 F.3d 366, 373 (3d Cir. 2020). Summary action is appropriate if there is no substantial question presented in the appeal. *See* 3d Cir. L.A.R. 27.4. We may affirm on any basis supported by the record. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). We granted Butler four extensions of time to file argument in support of his appeal and will deny his fifth request for an extension of time.

II.

Because there is no substantial question presented in this appeal, we will summarily affirm the District Court's judgment.

A. First Amendment Claims

The District Court properly granted Defendants' motion for summary judgment regarding Butler's retaliation claims against Defendants Stafford and Nunez and *sua sponte* dismissed Butler's claims against Boyce #2 and Floyd.

To establish a prima facie case of retaliation, a prisoner must demonstrate that: (1) he engaged in constitutionally protected conduct; "(2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him."[3] *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). If the prisoner establishes each of these elements, then the burden shifts to the defendants to prove that they "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001). In instances where a misconduct is issued as retaliation, "we evaluate the quantum of evidence of the

---

[3] A prisoner may satisfy his evidentiary burden with circumstantial evidence "of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Watson*, 834 F.3d at 422.

misconduct to determine whether the prison officials' decision to discipline an inmate for his violations of prison policy was within the broad discretion we must afford them." *Watson*, 834 F.3d at 426 (citations and quotations omitted).

Here, Butler did not satisfy the third prong of a retaliation claim against Defendant Stafford because Butler did not identify any grievance he had specifically filed against Stafford. Thus, Butler failed to establish that his constitutionally protected conduct was a substantial motivating factor in Defendant Stafford's decision to discipline him. *See id.* at 422. As for Butler's retaliation claim against Defendant Nunez, the District Court properly dismissed it because the record showed a sufficient "quantum of evidence" to support the misconduct charge.[4]

The District Court properly dismissed Butler's retaliation claim against Boyce #2 because Butler failed to allege sufficient facts demonstrating a causal nexus between Boyce #2's conduct and Butler's protected activity. *See Rauser*, 241 F.3d at 333. Although he vaguely alluded to prior grievances, he did not identify a specific grievance or when it was filed, thereby failing to show any connection.[5] To the extent Butler

---

[4] Defendant Nunez found Defendant Stafford's testimony regarding the informant to be credible. Moreover, although Butler denied even participating in the hunger strike, his medical records indicate that he had not any eaten anything during the 2-3 days leading up to his hospital admission.

[5] In his objections to the Magistrate Judge's Report, Butler argued that his claim against Boyce #2 pertained not just to retaliation for filing grievances but also raised Boyce #2's interference with a "medical emergency," because he told Butler to kill himself while he

6

alleged that Defendant Floyd circulated a "vote sheet" to have Butler placed on the RRL as retaliation for his September 14, 2023, allegation of abuse, this claim fails for the same reason—Butler failed to allege sufficient facts to show that Defendant Floyd was even aware of this complaint and could have therefore been motivated by it.

B. Eighth Amendment Claims

The District Court properly granted summary judgment in favor of Defendants Hafeli, Quinn, and Place and properly dismissed Butler's claims against Stokes for deliberate indifference to a serious medical need. To state such a claim, Butler must show that: (1) a prison official was deliberately indifferent to his medical needs and (2) his medical needs were serious. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).

Here, Defendants claimed Butler was evaluated by medical staff within seven minutes of his complaining of chest pain, whereas Butler argued he waited for over an hour because Defendants Hafeli, Quinn, Place, and Stokes ignored him. Even under Butler's version of events, however, he nonetheless failed to produce evidence or allege facts showing harm resulted from the delay. *See Brooks v. Kyler*, 204 F.3d 102, 105 n.4

---

was housed in a Psychiatric Observation Cell. To the extent Butler sought to reframe this claim as an Eighth Amendment violation, verbal threats alone do not violate the Eighth Amendment. *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001).

(3d Cir. 2000). Butler was admitted to the hospital and treated within a few hours. He was observed while his vitals returned to normal limits and discharged one day after his admission. Buther also did not indicate that Defendants' temporary denial of his request for medical treatment exposed him to "undue suffering or the threat of tangible residual injury." *Lanzaro*, 834 F.2d at 346 (citation altered). Thus, the District Court properly disposed of Butler's claims against Defendants Hafeli, Quinn, Place, and Stokes. Similarly, Butler's claim that Boyce #1's verbal threats interfered with his medically prescribed rest fails because Butler did not demonstrate that he experienced any resulting harm.

C. <u>Failure to Investigate</u>

Finally, the District Court properly determined that Butler failed to state an actionable claim against Defendant Barnacle. Butler alleged that Defendant Barnacle failed to investigate his grievances related to the conduct of Defendants Stafford and Floyd. However, access to prison grievance procedures is not a constitutionally mandated right. *See Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001). And an allegation of a failure to investigate, without an underlying recognized constitutional right, is not sufficient to sustain a section 1983 claim. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989).

III.

Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. Butler's fifth request for an extension of time to file a brief in support of his appeal is denied.